# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

, C. MANN
TY GENERAL

March 25, 1939

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

> Opinion No. O-398
> Re: Powers and duties of State
> Superintendent of Public In-
> struction under Article 2875b-9,
> Revised Civil Statutes in the
> purchase of bonds for invest-
> ment of Permanent School Fund

By your letter of February 28, 1939, you seek the opinion of this department on the respective rights and duties of the State Superintendent of Public Instruction, and the State Board of Education under statutes governing the purchase of bonds for the purpose of investing the Permanent Free School Fund of this State.

You point out that under Article 2869 through Article 2873, inclusive, Revised Civil Statutes, as amended by Chapter 278, Section 1, p. 573, Acts Regular Session, Forty-first Legislature, the duty rested upon the State Board of Education as then constituted, rather than the State Superintendent of Public Instruction, to invest the Permanent School Fund of Texas in the bonds designated in Article 2869, Revised Civil Statutes, as amended, by following the procedure and exercising the purchase option provided in Articles 2870, 2871 and 2873, Revised Civil Statutes.

As we interpret the instant inquiry, you wish to know the effect on the foregoing statutes, of the subsequently enacted Article 2875b-9, Revised Civil Statutes, being Chapter 10, p. 12, Section 9, Acts Second Called Session, Forty-first Legislature, and providing as follows:

> "The State Superintendent of Public Instruction shall, subject to the approval of the Board of Education hereby created, invest the permanent school fund in the class of bonds which may be bought with said funds under existing law. And, when the State Superintendent of Public Instruction exercises the option given by law for the purchase of bonds, the same shall prevent the sale of said bonds to any other party until said

Board of Education, at its next meeting, has
had opportunity to either approve or disap-
prove such purchase. If the purchase is ap-
proved, said bonds shall be paid for out of
the permanent school fund, as is now provided
by law; and if disapproved, then said bonds
shall be released as though the option given
the permanent school fund to purchase said
bonds had not been exercised."

In this connection, you point to the repealing clause em-
bodied in Section 11 of the Act next above cited, and to the amend-
ment to the Constitution of Texas, and statutes thereunder, creat-
ing a State Board of Education of nine members by appointment by
the Governor, in lieu of a State Board consisting of the Governor,
Comptroller, Treasurer, and Superintendent of Public Instruction.

We find from a search of the records of this office that
ir precise question has been fully and adequately answered by let-
r opinion to your predecessor, Honorable S. M. N. Marrs, under date
October 9, 1929, written by Mr. D. L. Whitehurst, then Assistant
Attorney General, and by opinion supplementary thereto and explana-
tory thereof, between the same parties on October 15, 1929. This
opinion referred to turns upon the same constitutional and statutory
provisions upon which you request the present construction of this
department, there having been no alterations, by amendment or repeal,
of the then existing law. This opinion makes it clear that under
Section 9, Chapter 10, Acts Forty-first Legislature, Second Called
Session, (Article 2675b-9 R.C.S.), the exercise of the option to pur-
chase bonds for investment of the Permanent School Fund was placed
upon the State Superintendent of Public Instruction, and, conse-
quently, taken from the State Board of Education, where it had
theretofore rested under Section 1, Chapter 278, Acts Regular Ses-
sion, Forty-first Legislature, (Article 2673, as amended, Revised
Civil Statutes). But it is pointed out that such tentative purchase
of bonds by the exercise of this purchase option, in the mode and
manner provided by said Act next above cited, was subject to final
approval or disapproval by the State Board of Education at their
next meeting.

A careful review of the aforementioned opinion convinces
s that nothing should be taken from or added to such opinion to
lly answer the instant inquiry, and we are, accordingly, referring
ou to such opinion, as it appears in your files, for guidance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.